**James P. DUNN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 76898.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 20, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2000.

Application for Transfer Denied
Aug. 29, 2000.

John William Simon, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Jefferson City, for respondent.

Before RICHARD B. TEITELMAN, P.J., AHRENS, J., and MOONEY, J.

### ORDER

PER CURIAM.

James P. Dunn ("Movant") appeals the denial of his Rule 29.15 motion for post-conviction relief without a hearing by the St. Louis County Circuit Court. He asserts the motion court clearly erred in refusing to grant a hearing as he received ineffective assistance of both trial and appellate counsel. In particular, he argues his trial counsel was ineffective for failing to call mental health professionals to testify about movant's prior psychological treatment and failing to call witnesses to testify as to movant's personality while under the influence of drugs and alcohol. Additionally, movant claims his trial counsel was ineffective for failing to keep movant informed of pretrial proceedings, failing to file a written motion to preclude admission of pictures of gunshot wounds, and failing to object during the state's closing argument. Movant argues his appellate counsel was ineffective for failing to raise on appeal the denial of a motion to suppress movant's statements, an argument based upon the "two valid-inferences" doctrine, and the denial of movant's motion for a mistrial after a state's witness became emotional while testifying. Finally, movant contends the motion court erred in denying his claim that the circuit court lacked jurisdiction to sentence him on the count of armed criminal action and that the cumulative effect of his counsel's errors deprived him of the effective assistance of counsel.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).